UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | 2:11-cv-237-JMS-DKL |
| | ) | |
| $196,969.00 UNITED STATES CURRENCY, | ) | |
| *Defendant.* | ) | |

## <u>ORDER</u>

Presently pending before the Court in this civil action seeking forfeiture of $196,969.00 in United States currency are the Government's Motion for Default Judgment, [dkt. 27], and Rodney Johnson's Motion to Strike Orders Issued Subsequent to Filing his Notice of Appeal, [dkt. 37.] The currency at issue was seized in Terre Haute in January 2011. Mr. Johnson filed a claim for the money, and then amended his claim, but the Court ultimately granted the Government's Motion to Strike Mr. Johnson's amended claim because it failed to comply with Rule G(5)(a)(i)(B) of the Supplemental Rules for Admiralty and Asset Forfeiture Actions. [Dkt. 23.] Mr. Johnson filed a notice of appeal on October 19, 2012. [Dkt. 28.]

After Mr. Johnson filed his notice of appeal, the Court granted the Government's motion to strike Mr. Johnson's answer and entered a Clerk's Entry of Default on October 23, 2012. [Dkts. 33; 35.] Mr. Johnson has moved to strike all orders issued after he filed his notice of appeal. [Dkt. 28.] The Court must first determine whether Mr. Johnson's notice of appeal divested the Court of jurisdiction and, if not, whether the Government is entitled to the default judgment it now seeks, [dkt. 27].

## A. Motion to Strike

Mr. Johnson argues that the Court's order striking his amended claim "constitutes a final order which effectively ended the litigation on the merits and left nothing for the Court to do but execute the judgment." [Dkt. 37 at 2.] Therefore, Mr. Johnson contends that his notice of appeal divested this Court of jurisdiction to strike his answer and enter a Clerk's Entry of Default and that those orders should be vacated. [*Id.* at 3.]

The Government contends that Ms. Johnson's notice of appeal was premature because at the time he filed it, final judgment had not been entered and the Court did not certify an interlocutory appeal. [Dkt. 38 at 4-5.] The Government proposes that the Court stay the enforcement of any default judgment because it does not intend to seek enforcement of the default judgment prior to resolution of any appeal. [*Id.* at 6.]

Generally, 28 U.S.C. § 1291 limits appellate review to "final decision" of the district courts. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011). "Decisions are final when they end the litigation and leave nothing to be decided in the district court." *Id.* Federal Rule of Civil Procedure 54(b) empowers a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," but only if the court "expressly determines that there is no just reason for delay." *Id.* Without a final decision or the entry of a partial final judgment under Rule 54(b), or unless there exists some exception to the finality rule, the Seventh Circuit Court of Appeals does not acquire jurisdiction over the appeal. *Miller v. Turner*, 210 F.3d 375 (7th Cir. 2000).

The Court's decision striking Mr. Johnson's amended claim did not end the litigation or leave nothing further to be decided. While it may have ended Mr. Johnson's stake in the litigation, it did not enter default judgment or final judgment in the Government's favor, as exhibited

by the Government's still-pending motion for default judgment.  [Dkt. 27.]  Moreover, Mr. Johnson did not ask for a partial final judgment under Rule 54(b) and the Court did not certify its decision for interlocutory appeal under that rule.  Therefore, contrary to Mr. Johnson's assertion, the Court's order striking his amended claim was not a final appealable judgment.

Likewise, contrary to the Government's assertion that the Clerk's Entry of Default made Mr. Johnson's appeal "ripe," [dkt. 38 at 4], that entry is also not a final judgment in this litigation.  *See United States v. DiMucci*, 879 F.2d 1488, 1490 n.3 ("Entry of a default under Rule 55(a) is not, as such entry of a judgment of default; it merely permits the plaintiff to move for such a judgment under Rule 55(b)(2)."); *see also Lilley v. Daimler Chrysler Corp.*, 2009 WL 1939771, *1 (S.D. Ill. 2009) ("[D]efault *judgment* is not available under Federal Rule of Civil Procedure 55(b) until a plaintiff obtains a *clerk's entry of default* under Rule 55(a), assuming that the default is not set aside under Rule 55(c).") (emphases in original).  Default judgment has not been entered in this case under Rule 55(b), and the Government's request to do so remains pending, [dkt. 27].

Because an issue remains outstanding and the Court has not certified any decision for interlocutory appeal pursuant to Rule 54(b), the Court concludes that Mr. Johnson's notice of appeal was premature and did not divest this Court of jurisdiction.  Accordingly, the Court **DENIES** Mr. Johnson's motion to vacate the orders the Court issued after he filed his premature notice of appeal.  [Dkt. 37.]

### B.  Motion for Default Judgment

The Government moved for default judgment under Rule 55(b) on September 25, 2012.  [Dkt. 27.]  Mr. Johnson has not directly responded to that motion.  Because the Government has obtained a Clerk's Entry of Default, [dkt. 35], there has been no motion to set it aside pursuant to

Rule 55(c), and the claim is for a sum certain—$196,969.00—the Court determines that default judgment is appropriate pursuant to Rule 55(b).  Accordingly, the Court **GRANTS** the Government's motion for default judgment, [dkt. 27], which will issue by separate entry.  The Government has represented that in light of Mr. Johnson's desire to pursue an appeal, it does not intend to seek enforcement of the default judgment prior to resolution of that appeal.  [Dkt. 38 at 5-6.] Therefore, the Court **STAYS** enforcement of the default judgment until the appellate court issues a mandate on the pending appeal.

### C.   Effect of Premature Notice of Appeal

Federal Rule of Appellate Procedure 4(a)(2) provides that a notice of appeal filed after the Court announces a decision but before the entry of judgment "is treated as filed on the date of and after the entry."  "That is, a prematurely filed notice will 'spring forward' to the date on which a judgment technically has become final, thus effectively conferring jurisdiction on the court of appeals at the time that the final judgment is entered."  *Roe v. Elyea*, 631 F.3d 843, 854 (7th Cir. 2011).

Because the Court enters default judgment by separate entry on this date, pursuant to Federal Rule of Appellate Procedure 4(a)(2), Mr. Johnson's notice of appeal springs forward as if it were filed on the date of and after that entry.  Mr. Johnson is already pursuing an appeal and the Seventh Circuit Court of Appeals has ordered that appeal to proceed to briefing over the next two months.  [7th Cir. 12-3414 dkt. 11.]  Therefore, neither party has been prejudiced by Mr. Johnson's premature notice of appeal or the entry of final judgment on this date.

### D.   Conclusion

For the reasons stated herein, the Court **DENIES** Mr. Johnson's Motion to Strike Orders Issued Subsequent to Filing his Notice of Appeal, [dkt. 37], and **GRANTS** the Government's

Motion for Default Judgment, [dkt. 27], which will issue by separate entry.  The Court **STAYS**

enforcement of the default judgment until the appellate court issues a mandate on the pending

appeal.  Pursuant to Federal Rule of Appellate Procedure 4(a)(2), Mr. Johnson's notice of appeal,

although premature, is treated as if it were filed on the date of and after the default judgment.


11/14/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only**:

Joseph Kevin Etling
SMOCK & ETLING
smock.etling@frontier.com

Zachary A. Myers
UNITED STATES ATTORNEY'S OFFICE
zachary.myers@usdoj.gov